UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                     :        Chapter 7

ANTHONY CARROZZA, III                     :

    Debtor                            :        Bankruptcy No. 06-12649bif

...............................................

MEMORANDUM

...............................................

Before me is a motion filed by John H. Cameron seeking termination of the bankruptcy stay in this chapter 7 case.  The chapter 7 trustee has not filed any opposition to this motion and his attorney orally stated that the trustee would not oppose it; however, the debtor objects to the relief sought.

At the scheduled evidentiary hearing, the movant and the debtor opted not to offer any testimony whatsoever.  Instead, they stipulated to the following few facts (or these facts are subject to judicial notice under Fed. R. Bankr. P. 9017, incorporating the Federal Rules of Evidence, including F.R.E. 201).

I.

The debtor, Anthony Carrozza, III, filed a voluntary petition in bankruptcy under chapter 7 on June 29, 2006.  Years prior to this bankruptcy filing, in 1999, Mr. Cameron filed a civil action against the debtor and his wife, Theresa Carrozza, in the Pennsylvania Court of Common Pleas for Delaware County.  Ex. M-1.

On December 1, 2005, a stipulated order was entered in state court. Ex. M-1. This order provided, inter alia, that Mr. Cameron was awarded judgment in the amount of $500,000 against the debtor. Id. The order also provided that:

> 3. Defendant Anthony Carrozza, III will immediately place his house, located at 1755 Hillcrest Lane, Aston, Pa., up for sale. From the proceeds of the sale, Plaintiff [John H. Cameron] will receive ½ of the money realized by the Defendant, Anthony Carrozza, III, less $5,000 to be retained by Defendant, Anthony Carrozza, III. The amount realized will be the amount of the sale, less the mortgage amount still due to mortgagor and the sellers [sic] expenses including real estate commission listed on the settlement sheet. The amount paid to the Plaintiff will not be less than $55,000 and will not reduce the judgment amount [$500,000] enumerated heretofore in number 2.

Id.

On March 10, 2006, the Aston property was sold for $255,000. Stipulation, ¶ 4, Motion Ex. B. The sellers, Mr. and Mrs. Carrozza, received $77,252.35 in net proceeds. Ex. M-6, ¶ 1. On March 10, 2006, the debtor and his wife entered into an agreement concerning the disposition of these sale proceeds. Ex. M-6. This agreement provided that the net proceeds from the sale of the Aston realty would be divided so that $54,763.27 was payable to Mrs. Carrozza and $22,489.08 was payable to the debtor. Id., ¶ 4.

The debtor did not inform Mr. Cameron of this settlement, nor did he tender any of the sale proceeds to him. Stipulation, ¶ 4. At the meeting of creditors in this bankruptcy case, the debtor informed the trustee that he had placed $22,050 of the sale proceeds in his personal checking account. Stipulation, ¶ 4. The debtor's original bankruptcy schedules did not reveal this asset. The debtor's amended schedules, filed on

August 14, 2006, listed the sale proceeds and claimed $10,225 as exempt under 11 U.S.C. § 522(d)(5).[1]

On June 1, 2006, after learning of the March 10th sale, Mr. Cameron filed a state-court petition against the debtor seeking civil contempt to compel the debtor to comply with paragraph 3 of the December 1st order, quoted above. Ex. M-2.[2] The debtor filed an answer in opposition to this state court petition. Ex. M-5. After the state court was informed of the debtor's bankruptcy filing, the state court stayed its resolution of Mr. Cameron's civil contempt request. Ex. M-4. The bankruptcy case was filed just prior to the state court civil contempt hearing. Motion and Answer, ¶ 5.

II.

Mr. Cameron has moved to terminate the bankruptcy stay in order to proceed with the pending state court civil contempt petition against the debtor and "obtain his rightful share of the [sale] Proceeds." Motion, ¶ 8. Mr. Cameron asserts in his lift-stay motion that he "has a special interest in the [sale] Proceeds" and that the debtor "has no right to retain any of the [sale] Proceeds in excess of $5,000." Motion, ¶¶ 6-7. The debtor replies that Mr. Cameron is simply an unsecured creditor who is not entitled to

---

[1]The docket entries in this bankruptcy case reflect that the meeting of creditors was originally scheduled for July 28, 2006. Docket entry #9. On July 28th, the docket states that the trustee "continued" the meeting until August 25, 2006. Docket entry #17.

On this limited record, one cannot determine whether the debtor's amended bankruptcy schedules were filed before or after the trustee was informed of the sale proceeds on deposit in the debtor's checking account.

[2]Exhibit M-2 is a copy of a portion of the civil contempt petition, with the second page of the petition omitted.

3

relief from the automatic stay. Alternatively, the debtor argues that he can take a "wildcard" exemption in these proceeds under section 11 U.S.C. § 522(d)(5) of at least $5,000, but possibly up to the $10,225 maximum exemption amount.

Section 362(d) provides different bases for granting relief from the stay. The lift stay motion filed by Mr. Cameron refers to "cause" for relief from the automatic stay.[3] Motion, ¶ 8. Subsection 362(d)(1) states:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

In sum, this subsection calls for relief from the bankruptcy stay when the movant demonstrates cause for relief, see generally In re Ward, 837 F.2d 124, 128 (3d Cir. 1988); In re Skipworth, 69 B.R. 526, 527 (Bankr. E.D. Pa. 1987), and the debtor does not demonstrate that the interests of the movant are adequately protected. 11 U.S.C. § 362(g)(2). See, e.g., In re Price, 370 F.3d 362, 373 (3d Cir. 2004); In re Skipworth, 69 B.R. at 528; In re Liona Corp., N.V., 68 B.R. 761 (Bankr. E.D. Pa. 1987).

As a general principle, whether to terminate, modify, condition, or annul the bankruptcy stay under section 362(d)(1) is committed to bankruptcy court discretion, see Matter of Holtkamp, 669 F.2d 505 (7th Cir. 1982); In re Shariyf, 68 B.R. 604 (E.D. Pa. 1986), and is to be determined by examining the totality of the circumstances. Matter of

---

[3] He also asserts an entitlement to relief under section 362(d)(2), which assertion I need not address.

4

Baptist Medical Center of New York, Inc., 52 B.R. 417, 425 (E.D.N.Y. 1985), aff'd, 781 F.2d 973 (2d Cir. 1986).

The $500,000 judgment rendered in favor of Mr. Cameron renders him an unsecured creditor. As the debtor suggests, an unsecured creditor usually will not be granted relief from the automatic stay to litigate his claim in state court or execute upon that claim. See, e.g., In re Stranahan Gear Co., Inc., 67 B.R. 834, 838 (Bankr. E.D. Pa. 1986) ("Several factors militate strongly against the allowance of any relief in this case--or in any but the most extraordinary set of circumstances--where the moving party is an unsecured creditor."). As one commentator has explained:

> Unsecured creditors have no property interests to protect so that relief from the stay under (d)(2) is never possible. Their other concerns are usually unimportant against the stay because the bankruptcy will discharge the debts owed them. Essentially, these creditors' reasons for wanting relief from the stay contradict the fundamental purposes of the bankruptcy. Typically, therefore, they lack "cause" for relief under [section 362](d)(1).

Epstein, et al., Bankruptcy, § 3-24, at 267 (1992).

There are exceptions to the general principle that an unsecured creditor cannot obtain relief from the bankruptcy stay under section 362(d)(1). One court has attempted to survey decisional law in order to distill those factors which may render it more appropriate to permit the resolution of an unsecured claim in a non-bankruptcy forum:

> (1) Whether the relief will result in a partial or complete resolution of the issues. . . .
>
> (2) The lack of any connection with or interference with the bankruptcy case. . . .

5

> (3) Whether the foreign proceeding involves the debtor as a fiduciary. . . .
>
> (4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases. . . .
>
> (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation. . . .
>
> (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question. . . .
>
> (7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties. . . .
>
> (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c). . . .
>
> (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f). . . .
>
> (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties. . . .
>
> (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial. . . .
>
> (12) The impact of the stay on the parties and the "balance of hurt". . . .
>
> In considering the foregoing factors, it must be borne in mind that the process of determining the allowance of claims is of basic importance to the administration of a bankruptcy estate.

In re Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984) (citations omitted).

III.

Although Mr. Cameron suggests a few of these factors exist in this contested matter, I note that the movant does not appear to be seeking leave to execute on his state court judgment. Rather, Mr. Cameron is requesting only that he be allowed to proceed with his civil contempt motion in state court, and in support thereof he focuses primarily upon paragraph 3 of the state court order dated December 1, 2005. In that portion of the order, quoted earlier, the debtor was directed to tender to Mr. Cameron the net proceeds paid to him from the sale of the Aston Pennsylvania realty. It is stipulated in this contested matter that the debtor has failed to do so and has retained the proceeds for himself.

Mr. Cameron argues that the debtor now holds those sale proceeds in constructive trust and that property held in constructive trust is not part of the debtor's estate in bankruptcy under section 541(a). Thus, he reasons, the bankruptcy stay should be terminated insofar as the sale proceeds are concerned. The debtor disputes that any constructive trust exists; alternatively, as noted earlier, he maintains that any such constructive trust is limited by his exemption claim or by the $5,000 set aside in the December 1st order.

In general, a constructive trust arises under Pennsylvania law "when a person holding title to property is subject to an equitable duty to convey it to another on the ground he would be unjustly enriched if he were permitted to retain it. . . . The controlling factor in determining whether a constructive trust should be imposed is whether it is necessary to prevent unjust enrichment." Santoro v. Mors, 781 A.2d 1220,

1231 (Pa. Super. 2001); see, e.g., Yohe v. Yohe, 466 Pa. 405, 411 (1976). In Pennsylvania, a constructive trust describes the relationship wherein a person with legal title to property is subject to an equitable duty to convey it to another. See generally Chambers v. Chambers, 406 Pa. 50, 54 (Pa. 1962). Pennsylvania affords its trial courts some discretion in determining whether to impose such a trust. See Stauffer v. Stauffer, 465 Pa. 558, 568 (1976).

Pennsylvania also subscribes to the "majority view that constructive trusts arise when the facts giving rise to the fraud or wrong occur, which fraud or wrong constitutes the basis for impression of the constructive trust." In re Aultman, 223 B.R. 481, 483 (Bankr. W.D. Pa. 1998); accord Grubbs v. Dembec, 274 Pa. Super. 362, 369 n.1 (1980):

> Although a constructive trust may not be judicially decreed until many years subsequent to the transaction giving rise to the trust, the accepted theory is that the constructive trust is in existence at the inception of the transaction . . . and the beneficiary is possessed with an equitable interest in trust property prior to the declaration of the constructive trust.

(citations omitted); see In re W/B Associates, 307 B.R. 476, 485 (Bankr. W.D. Pa. 2004), aff'd, 196 Fed. Appx. 105 (3d Cir. 2006); see generally In re General Coffee Corp., 828 F.2d 699, 701-02 (11th Cir. 1987) ("majority approach" is that a constructive trust relates back), cert. denied, 485 U.S. 1007 (1988).

Section 541 of the Bankruptcy Code establishes the scope of property of the bankruptcy estate. Subsection (d) provides:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such

8

mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

Interpreting section 541(d), the Third Circuit Court of Appeals has instructed that property held by a debtor in constructive trust is not property of the estate:

> As we recently stated, "Congress clearly intended the exclusion [of trust funds from the debtor's estate] created by section 541(d) to include not only funds held in express trust, but also funds held in constructive trust." In re Columbia Gas, 997 F.2d [1039] at 1059 [3d Cir. 1993] (citing H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 368 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6324).

City of Farrell v. Sharon Steel Corp., 41 F.3d 92, 99 (3d Cir. 1994); accord In re Oster, 261 B.R. 599, 601-02 (Bankr. M.D. Pa. 2000).

Thus, constructive trust property is not property of the debtor's chapter 7 bankruptcy estate and is not within the scope of the bankruptcy stay under certain subsections of 362(a).

In this contested matter, on December 1, 2005, prior to his bankruptcy filing, the debtor was ordered to sell certain real estate and then turn over a portion of the net proceeds of sale. Although he sold the realty, he apparently did not disclose that fact to Mr. Cameron and then failed to remit any portion of the sale proceeds. Furthermore, he has retained those proceeds. In addition, the December 1st order differentiated the judgment award in paragraph 2 from the debtor's obligation to tender his portion of the net sale proceeds found in paragraph 3.

Under those circumstances, it is entirely possible that the Pennsylvania state court would construe its December 1st order as having already established that the sale

9

proceeds were to be held by the debtor in constructive trust in favor of Mr. Cameron. See Mescall v. Mescall, 6 Pa. D.& C. 4th 306, 309-10 (Pa. Com. Pl. 1990) ("If defendant continued in physical possession of plaintiff's property after January 24, 1990, then he was indeed in explicit contempt of the order; if he in fact sold the property prior to January 24, and then retained the proceeds of the sale after that date, he was in the position of holding those monies in a constructive trust for the plaintiff's benefit, and was obligated to turn the money for these items over to her as of January 24 . . . .").

It is the better exercise of discretion under section 362(d)(1) to terminate the bankruptcy stay and thereby permit the state court to determine the effect of its own order by adjudicating the pending civil contempt motion, insofar as it concerns the Aston realty sale proceeds and Mr. Cameron's constructive trust argument. In so doing, it can decide how much, if any, of those proceeds are held in constructive trust under Pennsylvania law.[4] See generally In re Zevitz, 230 F.3d 1361 (Table), 2000 WL 1478371, at *1 (6th Cir. 2000) ("In construing a court order, the most important factor in determining the meaning is the intention of the judge who entered the order. . . . Reviewing courts typically defer to a lower court's interpretation of its own order. . . . Such rulings will not be reversed unless the record clearly shows an abuse of discretion, for the lower court is obviously in the best position to interpret its own order."); United States v. Board of Educ. of City of Chicago, 717 F.2d 378, 382 (7th Cir. 1983) ("Few persons are in a better

---

[4]The debtor here argues that "[t]his court can determine the parties [sic] respective rights and claims to these proceeds on the record before it." Debtor's Memorandum at 2-3. I must disagree. Paragraph 3 of the December 1st order provides that the debtor was to retain $5,000 from the net sale proceeds and that Mr. Cameron was to receive not less than $55,000. The net proceeds paid to the debtor were less than $23,000. The state court is in a better position than I to apply its order under those circumstances.

position to understand the meaning of a [court order] than the district judge who oversaw and approved it."); In re Camden Rail & Harbor Terminal Corp., 120 F.2d 1008 (3d Cir. 1941) ("[W]e are of the opinion that much importance should be attached to the interpretation placed by the court below upon its own order[.]").

If the Pennsylvania state court agrees with Mr. Cameron and concludes that the debtor is holding some or all of the Aston realty sale proceeds in constructive trust, because state law would hold that this trust existed pre-bankruptcy it may be given effect in this chapter 7 case. See, e.g., In re Morris, 260 F.3d 654, 667, 669 (6th Cir. 2001). Furthermore, to the extent that the state court determines that the Aston sale proceeds are held by the debtor in constructive trust, the debtor will not be able to claim those trust funds as exempt in this bankruptcy case.

Section 522(b)(1) provides that "an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." Thus the statute expressly restricts exemption claims to exempt property. See, e.g., Owen v. Owen, 500 U.S. 305, 308 (1991). And because property held in constructive trust is not property of the estate, it cannot be claimed as exempt under section 522. See In re Chriscoe, 2003 WL 23211567, at *2 (Bankr. M.D.N.C. 2003); In re Naydan, 162 B.R. 204, 207 (Bankr. W.D. Ark. 1993).

In terminating the bankruptcy stay so that the state court can determine the constructive trust issue implicit in the civil contempt petition, I am also aware that even were the Pennsylvania Court of Common Pleas to determine that its December 1st order established a constructive trust on the sale proceeds currently in the debtor's possession, and therefore these proceeds are not property of the debtor's bankruptcy estate, the scope

11

of the automatic stay found in 11 U.S.C. § 362(a) extends beyond estate property and thus still needs to be addressed in this contested matter.

Section 362(a)(1) stays pre-bankruptcy actions "against the debtor." Subparagraph (a)(2) stays enforcement of judgments "against the debtor or against property of the estate." Subparagraph (a)(3) stays actions to obtain possession of "property of the estate" or "property from the estate." Subparagraph (a)(4) enjoins actions to create or perfect liens "against property of the estate." Subparagraph (a)(5) enjoins actions involving prepetition liens "against property of the debtor." Subparagraph (a)(6) stays collection actions "against the debtor." Subparagraph (a)(7) enjoins setoff involving "any claim against the debtor." And subparagraph (a)(8) stays Tax Court litigation involving prepetition "tax liability of a debtor." Therefore, the bankruptcy stay created by section 362(a) protects, in its various subparagraphs, three categories: the debtor, the debtor's property, and property of the estate.

The Third Circuit Court of Appeals has held previously that a debtor's mere right of possession, without any claim of title, is protected by the broad scope of the bankruptcy stay. In re Atlantic Business & Community Corp., 901 F.2d 325, 328 (3d Cir. 1990); accord In re 48th Street Steakhouse, Inc., 835 F.2d 427 (2d Cir. 1987), cert. denied, 485 U.S. 1035 (1988). As a result, to the extent that the debtor in this contested matter has possession of property held in constructive trust, i.e., funds in his bank account, the bankruptcy stay would prevent Mr. Cameron from obtaining that property from Mr. Carrazzo, absent termination of the stay under section 362(d)(1).

As to that issue, however, possession by the debtor alone, without any right of ownership or contractual right to possession, is not much protected by the bankruptcy

stay. Relief from the stay is generally granted to the owner, or a secured creditor of the owner, under section 362(d)(1) in chapter 7 cases. See generally In re Moore & White Co., Inc., 83 B.R. 277, 281 (Bankr. E.D. Pa. 1988). When a court is deciding whether cause exists to terminate the bankruptcy stay, it will consider whether there is some legitimate purpose to be served in the bankruptcy case by allowing the debtor to retain possession of property not titled in the debtor. See generally First National Fidelity Corp. v. Perry, 945 F.2d 61 (3d Cir. 1991) (mortgagee properly granted relief from stay when chapter 13 filing occurred after foreclosure judgment because, under the bankruptcy law in effect at that time, the debtor/homeowner was unable to use chapter 13 to cure the mortgage default); In re Halley, 70 B.R. 283 (E.D. Pa. 1987) (when mortgage loan matured prepetition, chapter 13 petition may not cure loan default and relief from the stay should be granted).

If bankruptcy serves no legitimate purpose in retaining the debtor's possession, then an owner or mortgagee should be granted relief from the stay to exercise its non-bankruptcy law rights to recover possession from the debtor. See, e.g. In re Moore, 267 B.R. 111, 117-18 (Bankr. E.D. Pa. 2001). Accordingly, courts have terminated the bankruptcy stay in favor of the owner of property held in constructive trust. See, e.g., In re Indian River Estates, Inc., 293 B.R. 429, 437 (Bankr. N.D. Ohio 2003); In re Aultman, 223 B.R. at 484. The property held in trust cannot be administered in the bankruptcy case and cannot be exempted by the debtor. No valid reason exists to leave the bankruptcy stay in place so that the debtor can continue in possession of the trust property.

In addition, in In re Tamecki, 229 F.3d 205 (3d Cir. 2000), the Court of Appeals held that a chapter 7 case could be filed in bad faith and thus subject to dismissal.  In In re Lilley, 91 F.3d 491, 496 (3d Cir. 1996), the Third Circuit explained that a finding of bad faith depends upon the totality of the circumstances and includes factors such as "the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed[.]"  Prepetition conduct that gave rise to the imposition of a constructive trust can be a factor in determining the good faith of a bankruptcy filing.  See generally In re Myers, 334 B.R. 136 (E.D. Pa. 2005).  And to the extent that a bankruptcy filing is intended primarily to "defeat state court litigation," the filing may be in bad faith and relief from the bankruptcy stay may be warranted.  See generally In re Can-Alta Properties, Ltd., 87 B.R. 89, 91 (B.A.P. 9th Cir. 1988) (and cases cited); In re Harris, 192 B.R. 334, 337 (Bankr. W.D.N.Y. 1996); Matter of Nelson, 66 B.R. 231 (Bankr. D.N.J. 1986), aff'd without op., 838 F.2d 1207 (3d Cir. 1988); In re Augustus Court Associates, 43 B.R. 352, 354 (Bankr. E.D. Pa. 1984).

In this contested matter, the chapter 7 trustee has no objection to Mr. Cameron's seeking recovery in state court of the realty sale proceeds held by Mr. Carrazzo.  Those proceeds may well be held in constructive trust by the debtor based upon a pre-bankruptcy state court order.  If so, those proceeds are not estate property, cannot be claimed as exempt or distributed to creditors, and are merely in the debtor's possession.  The better exercise of discretion is to terminate the stay pursuant to 11 U.S.C. § 362(d)(1) and permit Mr. Cameron to assert his non-bankruptcy law rights to recover those sales proceeds to the extent they are held by the debtor in trust.

An appropriate order shall be entered.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                               :        Chapter 7

ANTHONY CARROZZA, III                :

        Debtor                           :        Bankruptcy No. 06-12649bif

................................................

ORDER

................................................

AND NOW, this 24th day of January 2007, for the reasons stated in the accompanying memorandum, it is hereby ordered that the bankruptcy stay is terminated in favor of John H. Cameron, who may prosecute his pending state-court petition for contempt, asserting that the debtor currently holds the net proceeds of the sale of the real property located at 1755 Hillcrest Lane, Aston, Pennsylvania in constructive trust. To the extent that the state court determines that the sale proceeds are held in constructive trust, Mr. Cameron may exercise his non-bankruptcy law rights to recover such property.

It is further ordered that the bankruptcy stay is not terminated, however, concerning property of the bankruptcy estate, and is not terminated insofar as Mr. Cameron is an unsecured judgment creditor.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Mr. Anthony Carrozza, III
166 E. Matthew Wood Way
Glen Mills, PA 19342

David R. Black, Esq.
Black, Stranick & Waterman, LLP
327 West Front Street
P.O. Box 168
Media, PA 19063

David A. Scholl, Esq.
Regional Bankruptcy Center of SE PA
Law Office of David A. Scholl
6 St Albans Avenue
Newtown Square, PA 19073